IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CRAWLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>READY PLAYER ME, INC. and WOLFPRINT 3D INC.,<br><br>Defendants. | No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Ready Player Me, Inc. ("Ready Player Me") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. For the reasons explained below, this Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b), which allows removal "by any defendant," *id.*

### I.  THE STATE COURT ACTION

On February 9, 2024, Plaintiff Michael Crawley ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, captioned *Michael Crawley v. Ready Player Me, Inc., Wolfprint 3D Inc.*, 2024CH00873 (the "State Court Action"). Copies of the Complaint, Summons, and Class Certification Motion were served on Ready Player Me on June 17, 2024. See Ex. 1 (Class Action Complaint); Ex. 2 (Summons); Ex 3 (Affidavit of Service); Ex. 4 (Motion for Class Certification). On June 20, 2024, the state court entered an order setting a status on service for July 22. Ex. 5 (Order).

168095874.3

The Complaint alleges that defendants Ready Player Me and Wolfprint 3D Inc. ("Wolf3D") (collectively, "Defendants") developed and maintain a website, https://readyplayer.me/avatar (the "Website") that offers users the ability to create a customizable avatar—a unique digital likeness, crafted to resemble the user's physical characteristics that can be used as a character representing the user in a variety of web experiences. Ex. 1 ¶¶ 4-5. Plaintiff alleges that the Website allows users to create an avatar using a selfie photo, and that upon a user selecting this option, "Defendant's proprietary software extracts (captures, collects, or otherwise obtains) the Website user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user." *Id*. ¶ 7. Plaintiff further alleges that Defendants violated the Illinois Biometric Information Privacy Act 740 ILCS 14/1-14/99 ("BIPA") because Defendants (a) "never published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information," and (b) failed to provide notice and obtain written consent from users for the collection of their biometric information. *Id*. ¶ 30. Based on these and other allegations, Plaintiff asserts against Defendants two causes of action for violations of subsections 14/15(a) and 14/15(b) of BIPA. *Id*. ¶¶ 43-64.

Plaintiff also seeks to represent a proposed class of "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used by Defendants in Illinois." *Id*. ¶ 37. Among other relief, Plaintiff seeks on behalf of themselves and every class member: (1) declaratory relief, (2) statutory damages, (3) injunctive and equitable relief, and (4) attorneys' fees and costs. *See id*. at 22 (Prayer for Relief).

## II. GROUNDS FOR REMOVAL

**A.     This action is removable under the Class Action Fairness Act of 2005.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs;" and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

**1.     This is a putative class action in which the aggregate number of members is alleged to be 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff seeks to represent a putative class pursuant to 735 ILCS 5/2-801, *see* Ex. 1 ¶ 37, which authorizes "[a]n action [to] be maintained as a class action . . . if (1) The class is so numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the

3


interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy," 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Ill. Cent. R.R. Co.*, 860 N.E.2d 332, 337–38 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Plaintiff alleges that the putative class contains 100 or more members. Plaintiff seeks to represent a class of "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used by Defendants in Illinois" and alleges that "members of the Class number in the thousands." Ex. 1 ¶¶ 37, 39.

The class as alleged thus consists of more than 100 members. Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

    **2.**    **The amount in controversy exceeds $5,000,000.**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation. *See* 740 ILCS 14/20. Here, Plaintiff seeks to represent a putative class of "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used by Defendants in Illinois." Ex. 1 ¶ 37. Plaintiff alleges that Defendants collect, capture, or otherwise obtain users' biometrics from facial geometry scans, *see, e.g.*, *id.* ¶ 30; they allege that Defendants were required to but failed to comply with BIPA, *see id.*; they present as a question common to the putative class "whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently," *id.* ¶ 40; and they seek to recover $5,000 for each willful or reckless violation of BIPA, *id.* at 22 (Prayer for Relief). Plaintiff himself alleges that

"members of the Class number in the thousands." *Id*. ¶ 39. Thus, the proposed class as alleged is comprised of more than 1,000 individuals, and the amount in controversy in this case exceeds $5,000,000 and justifies removal under CAFA. *See, e.g.*, *Guajardo v. Skechers USA, Inc.,* 503 F. Supp. 3d 746, 750 (C.D. Ill. 2020) (holding that the district court had jurisdiction because plaintiff "allege[d] class damages exceeding $5,000,000.00 in the aggregate" and the parties were diverse); *see Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 542–43 (7th Cir. 2006) (finding that the court must accept the plaintiff's allegations on which jurisdiction is based at the pleading stage unless they are contested by the defendant).

By the statements contained in this Notice of Removal, Ready Player Me does not concede that Plaintiff is entitled to any damages or other relief. The Complaint nonetheless places more than $5,000,000 in controversy, exclusive of interest and costs, and CAFA's second requirement is therefore satisfied.

**3.  The parties are minimally diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that he "is, and has been at all relevant times, a resident and citizen of Wheeling, Illinois, in Cook County Illinois" Ex. 1 ¶ 12. Plaintiff also seeks to represent a class of "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used by Defendants in Illinois." *Id*. ¶ 37. *See Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 (N.D. Ill. 1967) ("The citizenship of an individual for purposes of diversity jurisdiction is considered to be that of his domicile," and "[t]he domicile is the state in which a person resides with the intention of remaining.").

Plaintiff acknowledges that Ready Player Me is not a citizen of Illinois *See* Ex. 1 ¶ 13 (alleging non-Illinois incorporation and principal place of business); 28 U.S.C. § 1332(c)(1)

5

(stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse as required under CAFA. *See* 28 U.S.C. § 1332(d)(2).

**B.     None of CAFA's exceptions bar removal in this case.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here. As already noted above, Ready Player Me is not a citizen of Illinois, nor is Defendant Wolf3D alleged to be a citizen of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception."); Ex. 1 ¶ 13 (alleging Delaware incorporation and principal place of business for defendant Wolfprint 3D, Inc.).[1]

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance

---

[1] For the same reason, this Court may not decline to assert jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed ") (emphasis added).

cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiff's action does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric corporate governance issues. *See* Ex. 1 (only asserting BIPA violations).

**C.      Venue is Proper.**

The Northern District of Illinois is the proper venue assignment for this action upon removal because this district embraces the Circuit Court of Cook County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**D.      Defendant Ready Player Me has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Copies of the Complaint, Summons, and Class Certification Motion were served on Ready Player Me on June 17, 2024, *see* Exs. 1-4, and this Notice of Removal is filed within 30 days of service of the complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant Ready Player Me are being filed herewith. Pursuant to 28 U.S.C. § 1446(d), Ready Player Me will promptly serve on Plaintiff and file with the Circuit Court a written notice of removal to federal court.

### III.      RESERVATION OF RIGHTS AND DEFENSES

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Ready Player Me's rights or defenses. To the contrary, Ready Player Me expressly reserves all of its rights and defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff

will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV. CONCLUSION

Ready Player Me requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Circuit Court of Cook County, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

Dated: July 16, 2024            Respectfully submitted,

By: /s/ *Debra R. Bernard*

Debra R. Bernard, Bar No. 6191217
DBernard@perkinscoie.com
J. Mylan Traylor, Bar No. 6333476
MTraylor@perkinscoie.com
**PERKINS COIE LLP**
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: +1.312.324.8400

Anna Mouw Thompson (*pro hac vice forthcoming*)
AnnaThompson@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

*Attorneys for Defendant Ready Player Me, Inc.*

**CERTIFICATE OF SERVICE**

I, Debra R. Bernard certify that on July 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also certify that I served the foregoing by email to the following attorneys:

Philip L. Fraietta (ARDC No. 6337165)
Julian Diamond (Pro Hoc Vice Forthcoming)
Matthew Girardi (Pro Hoc Vice Forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
pfraietta@bursor.com
jdiamond@bursor.com
mgirardi@bursor.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of July.

/s/ *Debra R. Bernard*
Debra R. Bernard
DBernard@perkinscoie.com
**PERKINS COIE LLP**
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: +1.312.324.8400