EXHIBIT 1

FILED
2/9/2024 5:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00873
Calendar, 7
26355533

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| MICHAEL CRAWLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>READY PLAYER ME, INC. and WOLFPRINT 3D INC.,<br><br>Defendants. | 2024CH00873<br>Case No. <br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Michael Crawley ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Ready Player Me, Inc. ("Ready Player Me") and Wolfprint 3D Inc. ("Wolf3D") (collectively, "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

**A.     BIPA**

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendants in collecting, storing, and using Plaintiff's and

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively, as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information."  740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."  *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that:

    (a)    a private entity in possession of biometric identifiers or biometric information must publish a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.  *See* 740 ILCS 14/15(a).

    (b)    a private entity may not collect, capture, purchase, receive through trade, or otherwise obtain an individual's biometrics unless it:

        (1)    informs that person in writing that biometric identifiers or information will be collected or stored.  *See* 740 ILCS 14/15(b)(1);

        (2)    informs that person in writing of the specific purpose and length of term for which such biometric identifier(s) or biometric information is being collected, stored, and used.  *See* 740 ILCS 14/15(b)(2); and

        (3)    receives written consent from the person for the collection of his or her biometric identifiers or information.  *See* 740 ILCS 14/15(b)(3).

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including but not limited to fingerprints, iris scans, DNA, and scans of "face geometry."  740 ILCS 14/10.

[2] "Biometric information" is any information that is captured, converted, stored, or shared based on a person's biometric identifier and used to identify an individual.  *Id.*

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

(c)     a private entity may not sell, lease, trade, or otherwise profit from a person's biometrics.  *See* 740 15/15(c).

(d)     a private entity may not disclose, redisclose, or otherwise disseminate a person's biometrics, except under certain circumstances.  *See* 740 15/15(d).

(e)     a private entity must store, transmit, and protect an individual's biometric identifiers and biometric information using the standard of care for its industry and other confidential and sensitive information.  *See* 740 14/15(e).

**B.     Defendants' Biometric Collection Practices**

4.     In direct violation of each of the foregoing provisions of BIPA § 15(a) and § 15(b), Defendants are actively collecting, storing, and using the face geometry and associated personally-identifying information of thousands of Illinois residents, who have used Defendants' website[3] (the "Website") while located in Illinois, without providing notice, obtaining informed written consent, or publishing data retention policies.

5.     The Website offers the ability for a user to create a customizable "avatar" – a unique digital likeness, crafted to resemble the user's physical characteristics – that can be used as a character representing the user in a variety of web experiences, virtual worlds, virtual reality/augmented reality apps and games, business and productivity tools, social platforms, and more.[4]  These include, for example, VRChat, HiberWorld, Mozilla Hubs, Somnium Space, Reach Metaverse, REALM, vPark, VrLand.io, Seensio, UtopiaVR, RealVR, and vSpatial.[5]

6.     When using Defendants' Website, users are presented with the option to make a "[p]ersonal avatar with one click" – along with suggestions like "Take or upload a photo of yourself and see how our AI magically creates a personal avatar that looks like you[]" and "Why

---

[3] https://readyplayer.me/ and its subsidiary pages, including https://readyplayer.me/avatar.

[4] https://readyplayer.me/hub/apps.  *See also* https://portal.readyplayer.me/games.

[5] *Id.*

FILED DATE: 2/9/2024 5:35 PM 2024CH00873

not make a personal avatar in just one click? Our AI avatar creator can craft an avatar that looks just like you using only one selfie photo."[6]

7.      Upon a user's selecting this option and uploading a photo of their face, Defendants' proprietary software extracts (captures, collects, or otherwise obtains) the Website user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user.  Defendants then possess, store, and use this face geometry data to digitally render the user's avatar, such that the avatar and its artistic elements approximate the user and their real facial features.[7]

8.      Thus, Defendants capture, collect, possess, store, otherwise obtain, and/or use Website users' face geometry and related biometric information.  But Defendants do so without complying with BIPA's requirements.

9.      If Defendants' database of Website users' face geometry were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes.

10.      BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks inherent to the collection and storage of biometrics, and a right to know how long such risks will persist after their use of the Website.  Yet Defendants:

> (a)      never published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.  *See* 740 ILCS 14/15(a).

---

[6] https://readyplayer.me/avatar.

[7] Note, a user is then offered the chance to manually edit this art and further "[c]ustomize the look" of their avatar by, *inter alia*, changing the avatar's skin tone color, eye color, eyebrow color, nose size and shape, lip size and shape, facial hair, makeup, and more.  *See* https://readyplayer.me/avatar.

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

(b)     collected, captured, or otherwise obtained Website users' biometrics without:

(1)     informing Website users in writing that their biometric identifiers or information would be collected or stored. *See* 740 ILCS 14/15(b)(1);

(2)     informing Website users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. *See* 740 ILCS 14/15(b)(2); and

(3)     receiving written consent from Website users for the collection of their biometric identifiers or information. *See* 740 ILCS 14/15(b)(3).

11.     Plaintiff brings this action to prevent Defendants from further violating the privacy rights of Illinois residents, and to recover statutory damages for Defendants' unauthorized capture, collection, possession, storage, obtainment, and use of these individuals' biometrics in violation of BIPA.

## PARTIES

12.     Plaintiff Michael Crawley is, and has been at all relevant times, a resident and citizen of Wheeling, Illinois, in Cook County, Illinois. While located in Illinois, in or around June 2022, Plaintiff took and/or uploaded photographs of his face to the Website to create a personalized avatar. Defendants' proprietary software extracted Plaintiff's biometric face geometry by scanning his face and creating a set of biology-based measurements used to identify him. Defendants then used this face geometry data to digitally render Plaintiff's avatar, such that the avatar and its artistic elements approximated Plaintiff Crawley and his real facial features.

13.     Defendant Ready Player Me, Inc. is a Delaware corporation with its principal place of business at Pärnu, Pardi st 2d, 80015, the Republic of Estonia.

14.     Defendant Wolfprint 3D Inc. is a Delaware corporation with its principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

FILED DATE: 2/9/2024 5:35 PM  2024CH00873

## JURISDICTION AND VENUE

15.     The Court has personal jurisdiction over the Defendants because the face geometry scans that give rise to this lawsuit were provided to Defendants in Illinois.  Defendants thus captured, collected, possessed, stored, otherwise obtained, and used the biometrics at issue in Illinois.  Defendants also do significant business in Illinois and have purposefully availed themselves of the privilege of doing business in Illinois.  Specifically, Defendants deliberately exploited the Illinois market via their sales and advertisements in Illinois – producing significant amounts of Illinois customers and revenue.  Further, Defendants consciously designed the Website to be usable in Illinois.[8]  And the transactions giving rise to this action arise out of or relate to Defendants' business in Illinois.

16.     Venue is proper in this County pursuant to 735 ILCS 5/2-102(a) because Defendants do substantial business in this County and a substantial part of the events giving rise to Plaintiff's claims took place within this County.  Plaintiff's biometrics were collected in this County.

## FACTUAL BACKGROUND

### A.     Illinois's Biometric Information Privacy Act

17.     In 2008, the Illinois Legislature enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois

---

[8] Defendants chose to forego implementing geo-fencing and/or geo-blocking features for its Website to prevent Illinoisans' access.  *See, e.g.,* https://stackoverflow.com/questions/43738391/appstore-geo-restrict-app-to-specific-usa-states ("I want to publish an iOS application which should be available in specific USA states only. . . . The solution I could implement is to use each state's longitude and latitude to determine geofencing areas."); https://developer.apple.com/documentation/corelocation/monitoring_the_user_s_proximity_to_geographic_regions ("[G]eofencing[] is a way for your app to be alerted when the user enters or exits a geographical region."); https://developer.android.com/develop/sensors-and-location/location/geofencing ("Geofencing combines awareness of the user's current location with awareness of the user's proximity to locations that may be of interest."); https://geotargetly.com/how-to-utilise-geo-block-to-control-what-your-visitors-access ("Geo Block, as straightforward as it sounds, is a tool that helps you restrict your content to users from specific locations.").

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

House Transcript, 2008 Reg. Sess. No. 276.

18.     BIPA, provides, *inter alia*, that:

(a)     a private entity in possession of biometric identifiers or biometric information must publish a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.  *See* 740 ILCS 14/15(a).

(b)     a private entity may not collect, capture, purchase, receive through trade, or otherwise obtain an individual's biometrics unless it:

(1)     informs that person in writing that biometric identifiers or information will be collected or stored.  *See* 740 ILCS 14/15(b)(1);

(2)     informs that person in writing of the specific purpose and length of term for which such biometric identifier(s) or biometric information is being collected, stored, and used.  *See* 740 ILCS 14/15(b)(2); and

(3)     receives written consent from the person for the collection of his or her biometric identifiers or information.  *See* 740 ILCS 14/15(b)(3).

(c)     a private entity may not sell, lease, trade, or otherwise profit from a person's biometrics.  *See* 740 15/15(c).

(d)     a private entity may not disclose, redisclose, or otherwise disseminate a person's biometrics, except under certain circumstances.  *See* 740 15/15(d).

(e)     a private entity must store, transmit, and protect an individual's biometric identifiers and biometric information using the standard of care for its industry and other confidential and sensitive information.  *See* 740 14/15(e).

19.     BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual."  740 ILCS 14/10.  A "biometric identifier" includes a "scan of … face geometry."  *Id.*

20.     As alleged below, Defendants' failure to publish a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometrics identifiers and biometric information violates BIPA § 15(a).

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

21.     In addition, Defendants' practices of collecting, storing, and using individuals'
biometric identifiers (specifically, face geometry) and associated biometric information without
obtaining informed written consent violate all three prongs of BIPA § 15(b).

**B.     Defendants Violate Illinois's Biometric Information Privacy Act**

22.     Defendant Wolfprint 3D Inc., which does business as "Wolf3D" and is "the
creator of the cross-game avatar platform Ready Player Me[,]" was founded in 2014.[9]  Their
"first product was a professional, hardware-based 3D scanner" that they operated "in public
places like airports, museums, and conference halls around the world."[10]  This "Luna 3D
scanner"[11] – like the Website – was meant to address what Wolf3D describes as the "huge flaw
that exists in VR: Your friend is a random, generic avatar, making the experience anything but
authentic. [T]he only way to bring your real friend into the virtual world is to 3D scan them[.]"[12]

23.     Wolf3D "scanned more than 20,000 people and collected a massive database of
high-quality face scans in the process."[13]  "Wolf3D's 3D avatar technology [was] built using
[this] proprietary database of 20,000 realistic face scans, all captured with [their] professional 3D
scanners."[14]  Now, Defendants' "patent-pending AI technology" is available via the Ready
Player Me Website to "predict realistic face shapes from a single 2D photo."[15]

---

[9] https://wolf3d.io/about-us.

[10] *Id.*

[11] https://www.sec.gov/Archives/edgar/data/1685751/000164460016000196/ExhibitC_ProfilePage.pdf.

[12] https://vimeo.com/184270867 at 00:36.

[13] https://wolf3d.io/about-us.

[14] https://wolf3d.io/.

[15] *Id.*

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

24.     On the Website, users can "create an avatar in their likeness from a selfie . . . and customize it with various standard and custom assets."[16]

25.     Initially, on the Website, users are presented with the option to "Create your avatar"[17]:



---

[16] https://docs.readyplayer.me/ready-player-me/what-is-ready-player-me.

[17] https://readyplayer.me/.

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

26.     Then, users are told by the Website that they can make said "[p]ersonal avatar with one click[.]"  The Website suggests, "Take or upload a photo of yourself and see how our AI magically creates a personal avatar that looks like you[]" and "Why not make a personal avatar in just one click? Our AI avatar creator can craft an avatar that looks just like you using only one selfie photo."[18]:

 



27.     After a user takes a photo of their face or uploads a face photo, Defendants'

---

[18] https://readyplayer.me/avatar.

FILED DATE: 2/9/2024 5:35 PM    2024CH00873

software automatically and instantly captures, collects, and/or otherwise obtains said user's biometric face geometry by scanning their face and creating a set of biology-based measurements used to identify each individual user.

28.     Defendants then possesses, store, and use this face geometry data to digitally render the user's avatar, such that the avatar and its artistic elements approximate the user and their real facial features.[19]  A sample video demonstrating Defendants' "SDK/API to help developers create personal 3D avatars of their users from a photo[,]"[20] which functions in much the same manner, is provided on Wolf3D's website[21]:

 

---

[19] Note, per https://docs.readyplayer.me/ready-player-me/what-is-ready-player-me, "All avatars are stored as GLB files on Ready Player Me servers. GLB is a standardized file format for sharing 3D data. A GLB avatar file includes information about the 2D model, materials, and skeleton."

[20] https://wolf3d.io/.
[21] *See* https://wolf3d.io/videos/wolf3d-personal-avatar-sdk-demo-video.mp4. (screenshotted).  *See also* https://docs.readyplayer.me/ready-player-me/customizing-guides/avatar-creator.

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

29.     Users may manually edit this art and further "[c]ustomize the look" of their avatar by, *inter alia*, changing the avatar's skin tone color, eye color, eyebrow color, nose size and shape, lip size and shape, facial hair, makeup, and more[22]:





---

[22] https://readyplayer.me/avatar.

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

30.     But Defendants do not comply with BIPA.  Although Defendants have Terms of Service[23] and a Privacy Policy,[24] neither so much as mentions the word biometrics.  The same is true of the Website's avatar creation page, at https://readyplayer.me/avatar; users thereof are never informed or consulted about biometrics prior to their uploading a face photograph.  Indeed, it seems that the word "biometric" never appears on the Website.  Thus, unbeknownst to the average consumer, and in direct violation of BIPA, Defendants:

    (a)    never published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.  *See* 740 ILCS 14/15(a).

    (b)    collected, captured, or otherwise obtained Website users' biometrics (through facial geometry scans; *see supra*) without:

        (1)    informing Website users in writing that their biometric identifiers or information would be collected or stored.  *See* 740 ILCS 14/15(b)(1);

        (2)    informing Website users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used.  *See* 740 ILCS 14/15(b)(2); and

        (3)    receiving written consent from Website users for the collection of their biometric identifiers or information.  *See* 740 ILCS 14/15(b)(3).

31.     If Defendants' face geometry scans were to fall into the wrong hands, by data breach or otherwise, then unscrupulous entities could subvert Website users' expectations of personal privacy, grossly violate their respective senses of dignity, and otherwise flout notions of common decency.  Biometrics can be used to glean copious amounts of sensitive information about those who are subject to their collection, including age, gender, ethnicity, socio-economic

---

[23] https://readyplayer.me/terms.

[24] https://readyplayer.me/privacy.

status, health conditions, and more. This information can be utilized in applications with pernicious, pervasive effects, including some which are "threatening or discriminatory[.]"[25]

32. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks inherent to the collection and storage of biometrics, and a right to know how long such risks will persist.

**C.      Plaintiff Michael Crawley's Experience**

33. Plaintiff Crawley utilized the Website while located in Illinois, in or around June 2022. There, he was presented with the option to make a "[p]ersonal avatar with one click" – along with suggestions like "Take or upload a photo of yourself and see how our AI magically creates a personal avatar that looks like you[]" and "Why not make a personal avatar in just one click? Our AI avatar creator can craft an avatar that looks just like you using only one selfie photo."

34. Mr. Crawley took and/or uploaded photos of his face. Then, automatically and instantly, Defendants' proprietary software extracted Mr. Crawley's biometric face geometry by scanning his face and creating a set of biology-based measurements used to identify him. Defendants possessed, stored, and used this face geometry data to digitally render Plaintiff Crawley's avatar, such that the avatar and its artistic elements approximated Mr. Crawley and his real facial features.

35. Thus, Defendants captured, collected, possessed, stored, otherwise obtained, and/or used Mr. Crawley's face geometry and related biometric information. But Defendants did so without complying with BIPA's requirements. Plaintiff:

---

[25] https://www.nytimes.com/2021/09/12/opinion/voice-surveillance-alexa.html?referringSource=articleShare.

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

(a)     never received a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information from Defendants. *See* 740 ILCS 14/15(a).

(b)     had his biometrics (facial geometry scans) collected, captured, or otherwise obtained by Defendants, on its Website, without:

(1)     having been informed in writing that his biometric identifiers or information would be collected or stored. *See* 740 ILCS 14/15(b)(1);

(2)     having been informed in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. *See* 740 ILCS 14/15(b)(2); and

(3)     having furnished his written consent for the collection of his biometric identifiers or information. *See* 740 ILCS 14/15(b)(3).

36.     By collecting Plaintiff's unique biometrics without his consent, written or otherwise, Defendants invaded Plaintiff's statutorily protected right to privacy in his biometrics.

## <u>CLASS ALLEGATIONS</u>

37.     **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendants in Illinois.

38.     The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parent has a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's

counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

39.     **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), members of the Class are so numerous that their individual is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  Moreover, the Class is ascertainable and identifiable from Defendants' records.

40.     **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), common and well-defined questions of fact and law exist as to all members of the Class and predominate over questions affecting only individual Class members.  These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, include but are not limited to, the following:

(a)     whether Defendants collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b)     whether Defendants published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

(c)     whether Defendants informed Website users in writing that their biometric identifiers or information would be collected or stored.  *See* 740 ILCS 14/15(b)(1);

(d)     whether Defendants informed Website users in writing of the specific purpose and length of term for which such biometric identifiers or biometric

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

information were being collected, stored, and used. *See* 740 ILCS 14/15(b)(2);

(e)    whether Defendants received written consent from Website users for the collection of their biometric identifiers or information. *See* 740 ILCS 14/15(b)(3).

(f)    whether Defendants used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(g)    whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

41.    **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained competent counsel experienced in prosecuting complex consumer class action. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff and his counsel can fairly and adequately represent and protect the interests of such a Class because their interests do not conflict with the interests of the Class members Plaintiff seeks to represent. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

42.    **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Moreover, even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for inconsistent

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

## CAUSES OF ACTION

**COUNT I – FOR DAMAGES AGAINST DEFENDANTS'
VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND
ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE**

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

45.     BIPA § 15(a) mandates that companies in possession of biometrics establish and maintain a satisfactory biometric retention – and, importantly, deletion – policy. Specifically, those companies must, at the time they first possess biometrics: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

46.     Defendants failed to comply with these BIPA mandates.

FILED DATE: 2/9/2024 5:35 PM    2024CH00873

47.     Defendants Ready Player Me, Inc. and Wolfprint 3D Inc. are corporations that do business in Illinois and thus each qualifies as a "private entity" under BIPA.  *See* 740 ILCS 14/10.

48.     Plaintiff is an individual who had his "biometric identifiers" (face geometry scans) possessed by Defendants, as explained in detail above.  *See* 740 ILCS 14/10.

49.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS 14/10.

50.     Defendants failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information at the time of possession, as specified by BIPA § 15(a).  *See* 740 ILCS 14/15(a).

51.     Defendants lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data.  As such, the only reasonable conclusion is that Defendants have not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

52.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT II – FOR DAMAGES AGAINST DEFENDANTS'

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

**VIOLATION OF 740 ILCS 14/15(B) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION**

53.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

55.     BIPA § 15(b) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information."  740 ILCS 14/15(b)(1)-(3).

56.     Defendants failed to comply with these BIPA mandates.

57.     Defendants Ready Player Me, Inc. and Wolfprint 3D Inc. are corporations that do business in Illinois and thus each qualifies as a "private entity" under BIPA.  *See* 740 ILCS 14/10.

58.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected, captured, stored, and/or otherwise obtained by Defendants, as explained in detail above. *See* 740 ILCS 14/10.

59.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS 14/10.

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

60. Defendants never informed Plaintiff, and never informed any member of the Class, in writing that their biometric identifiers and/or biometric information were being collected, captured, possessed, stored, otherwise obtained, and/or used, as required by 740 ILCS 14/15(b)(1).

61. Nor did Defendants inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and/or otherwise obtained, as required by 740 ILCS 14/15(b)(2).

62. Additionally, Defendants collected, captured, stored, used, and/or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

63. By collecting, capturing, storing, using, and/or otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA § 15(b).

64. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA § 15(b)'s requirements for the collection, capture, storage, use, and/or obtainment of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

FILED DATE: 2/9/2024 5:35 PM   2024CH00873

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

(a)    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

(b)    Declaring that Defendants' actions, as set out above, violate BIPA, 740 ILCS 14/15(a);

(c)    Declaring that Defendants' actions, as set out above, violate BIPA, 740 ILCS 14/15(b)(1)-(3);

(d)    Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

(e)    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, including, *inter alia*, an Order requiring Defendants to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

(f)    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

(g)    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(h)    Awarding such other and further relief as equity and justice may require.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all issues so triable.

Dated:  February 9, 2024             Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*        

FILED DATE: 2/9/2024 5:35 PM    2024CH00873

Philip L. Fraietta (ARDC No. 6337165)
Julian Diamond (*Pro Hac Vice Forthcoming*)
Matthew Girardi (*Pro Hac Vice Forthcoming*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com
          jdiamond@bursor.com
          mgirardi@bursor.com

*Counsel for Plaintiff and the Putative Class*